UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARIAH T.,[1]

                                              Plaintiff,          Case # 24-CV-6173-FPG

v.                                                                 DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                             Defendant.
_____

## INTRODUCTION

Plaintiff Mariah T., as administrator of the estate of Claimant Jeff T., brings this action pursuant to the Social Security Act, seeking review of the final decision of the Commissioner of Social Security that denied Claimant's application for Disability Insurance Benefits ("DIB") under Title II of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g). Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 8, 12. For the reasons that follow, the Commissioner's motion is GRANTED, Plaintiff's motion is DENIED, and the complaint is DISMISSED WITH PREJUDICE.

## BACKGROUND

In June 2019, Claimant applied for DIB with the Social Security Administration ("the SSA"). Tr.[2] 65. He alleged disability since August 2017. Tr. 66. After Claimant's application was denied at the administrative level, Claimant appealed to the district court. The SSA agreed to remand the matter for further proceedings. Tr. 624-25. On March 30, 2023, Administrative Law

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 5.

1

Judge Connor O'Brien ("the ALJ") issued a new decision finding that Plaintiff is not disabled. Tr. 524-35. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I.     District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted).

### II.    Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the

claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Claimant's claim for benefits under the process described above. At step one, the ALJ found that Claimant had not engaged in substantial gainful activity since the alleged onset date. Tr. 527. At step two, the ALJ found that Claimant has severe impairments of

right shoulder rotator cuff injury, and status-post right clavicular fracture and broken scapula. *Id.* At step three, the ALJ found that Claimant's impairments do not meet or medically equal any Listings impairment. *Id.*

Next, the ALJ determined that Claimant retains the RFC to perform a reduced range of light work. Tr. 527-28. At step four, the ALJ found that Claimant could not perform past relevant work. Tr. 533. At step five, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that Claimant could perform. Tr. 533-34. Accordingly, the ALJ concluded that Claimant is not disabled. Tr. 535.

## II.   Analysis

Plaintiff argues that remand is warranted because the ALJ improperly evaluated the opinions of treating physician Oliver Masaba, M.D., and consultative examiner Raquel Benchoam-Ravid, M.D. Plaintiff's arguments do not warrant remand.

### a.   Dr. Masaba's Opinion

Claimant suffered a right-shoulder injury while at work in July 2017. Tr. 338. In October 2018, Claimant met with Dr. Masaba for treatment for "right shoulder pain, limited range of motion, right upper extremity weakness as well as numbness and tingling." Tr. 431. At the first visit, Dr. Masaba opinioned that, due to Claimant's restrictions and pain in his right shoulder, Claimant should not overhead reach with his right arm or carry more than 8 lbs. with the right arm. Tr. 435. Claimant met with Dr. Masaba on two more occasions, the last of which occurred in January 2019. At that appointment, Dr. Masaba indicated that Claimant was "presently maintaining with [] conservative treatment"—including over-the-counter medication and at-home exercises—and that he could follow up "on an as needed basis" if his symptoms worsened. Tr. 448. Dr. Masaba also completed a medical source statement at that time. Dr. Masaba identified a

number of restrictions resulting from Claimant's impairments. *See* Tr. 325-36. As is relevant here, Dr. Masaba opined that Claimant's pain from his injury would cause him to miss two workdays per month, and would, on bad days, impact productivity by greater than 20-25%. Tr. 336. The ALJ found Dr. Masaba's opinion partially persuasive, but omitted any discussion of the absenteeism or lost productivity. *See* Tr. 530.

Plaintiff argues that the ALJ's failure to discuss Dr. Masaba's absenteeism and productivity limitations constitutes error, both because it prevents the Court from conducting meaningful judicial review of the ALJ's rationale and because it violates the ALJ's duty to expressly explain how he considered the factors of supportability and consistency with respect to Dr. Masaba's opinion. *See* ECF No. 8 at 10-11.

The Court is not persuaded. To be sure, the ALJ did not explicitly discuss those aspects of Dr. Masaba's opinion, but "[a]n ALJ is not required to discuss in depth every piece of evidence contained in the record, so long [as] the evidence of record permits the Court to glean the rationale of an ALJ's decision." *LaRock ex rel. M.K. v. Astrue*, No. 10-CV-1019, 2011 WL 1882292, *7 (N.D.N.Y. Apr. 29, 2011). Likewise, an ALJ's failure to explain the supportability and consistency of a medical opinion is a mere procedural error. *Loucks v. Kijakazi*, No. 21-1749, 2022 WL 2189293, at *2 (2d Cir. June 17, 2022) (summary order). If the reviewing court can "adequately 'glean' how the ALJ [implicitly] weighed the consistency and supportability factors," remand is not justified because the procedural error is considered harmless. *Davidia B. v. Comm'r of Soc. Sec.*, No. 21-CV-384, 2023 WL 5361000, at *5 (W.D.N.Y. Aug. 22, 2023).

In this case, the Court can adequately glean the ALJ's rationale concerning absenteeism and productivity, and it is satisfied that the ALJ implicitly considered the relevant factors when he analyzed Dr. Masaba's opinion. Indeed, the ALJ *expressly* considered the same alleged pain

5

limitations in connection with his evaluation of a different treating source, Rajendra Singh, M.D. *See* Tr. 336, 531, 804. Dr. Singh identified the same absenteeism and productivity limitations, and the ALJ rejected them, writing: "[T]he limitations of being absent or off-task due to pain is unsupported by the evidence. These are not based on any objective test, are not assessments for which Dr. Singh has expertise, and are inconsistent with the medical evidence." Tr. 531. It can be reasonably inferred that the ALJ rejected the same limitations identified by Dr. Masaba on the same basis. Moreover, it is evident that the ALJ accepted the view of independent medical expert Allan N. Levine, M.D., whom the ALJ found "persuasive." Tr. 530. As Dr. Levine explained, the type of shoulder condition from which Claimant suffered is not typically painful in itself but "with motion." Tr. 575. Thus, so long as Claimant adhered to his limitations, he would not suffer from residual pain that would impact absenteeism or productivity. *See* Tr. 575, 581. The ALJ could reasonably rely on this reasoning to reject Dr. Masaba's position that, even if Claimant adhered to the imposed restrictions, Claimant would suffer from residual pain causing additional limitations.

Accordingly, the ALJ's failure to expressly discuss Dr. Masaba's answers to the pain limitation questionnaire does not warrant remand.

### b. Dr. Benchoam-Ravid

Dr. Benchoam-Ravid conducted two consultative examinations of Claimant, one before and one after his district-court appeal. In connection with her later examination, Dr. Benchoam-Ravid opined that Claimant was markedly limited in reaching, grabbing, lifting, carrying, pushing, pulling, and overhead reaching in his right arm; and moderately limited for squatting and bending because of shoulder pain. Tr. 788. Dr. Benchoam-Ravid also completed a medical source statement, in which she checked boxes indicating, among other things, that Claimant could never lift or carry, could never reach, handle, overhead reach, finger, feel, push, or pull with his right

hand, could only occasionally engage in such activities with the left hand, and could only sit, stand, or walk for four hours each workday. Tr. 789-91.

The ALJ found Dr. Benchoam-Ravid's later opinion "unpersuasive." Tr. 532. He noted that "[m]uch of the check mark aspects of this opinion have little relation to the examination and are out of step with the medical evidence." *Id.* For example, though Dr. Benchoam-Ravid's examination found no objective abnormalities relating to his gait, station, lower back, or lower extremities, *see* Tr. 787-88, and in fact there was "no evidence of an impact of [C]laimant's condition on his lower extremities," Tr. 532, Dr. Benchoam-Ravid identified restrictions on sitting, standing, walking, climbing ramps and stairs, and the use of foot controls. *See* Tr. 790-93. Similarly, Dr. Benchoam-Ravid opined that Claimant could never engage in fine motor activities in his right hand, *see* Tr. 791, despite the medical evidence—including her own examinations, Tr. 452, 787—showing no such restrictions. *See* Tr. 529.

Plaintiff contends that the ALJ "selectively cite[d]" unfavorable portions of Dr. Benchoam-Ravid's examination findings and other medical evidence but failed to discuss the findings and other evidence that supported her conclusions. ECF No. 8 at 12-14. As stated above, however, "[a]n ALJ is not required to discuss in depth every piece of evidence contained in the record." *LaRock*, 2011 WL 1882292, at *7. Thus, the ALJ's failure to cite what Plaintiff perceives to be favorable evidence is not, standing alone, erroneous. More to the point, the mere fact Plaintiff can identify record evidence to support Dr. Benchoam-Ravid's limitations does not entitle her to relief. *Emery S. v. Comm'r of Soc. Sec.*, No. 20-CV-662, 2021 WL 2592363, at *4 (W.D.N.Y. June 24, 2021). Plaintiff does not dispute that many of Dr. Benchoam-Ravid's limitations—*e.g.*, those related to Claimant's lower extremities, fine motor activities in the right hand, and activities with the left arm—do not find support in her examination findings or the medical record. On that basis,

7

the ALJ could reasonably reject Dr. Benchoam-Ravid's opinion as a whole—even if, as Plaintiff suggests, the record could arguably have justified giving more weight to Dr. Benchoam-Ravid's opinion. *See Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010).

Plaintiff also asserts that the ALJ mischaracterized the record. *See* ECF No. 8 at 13. Specifically, in summarizing the objective findings related to both of Dr. Benchoam-Ravid's examinations, the ALJ wrote: "[T]he claimant retained 5/5 strength in the upper and lower extremities, intact hand and finger dexterity and 5/5 grip bilaterally (Ex. 6F, 4; Ex. 14F, 3-4)." Tr. 529. While this is an entirely accurate summary of Exhibit 6F, *see* Tr. 452, and mostly correct with respect to 14F, *see* Tr. 787, it is inaccurate insofar as Exhibit 14F actually states that Claimant had 3/5 strength in the right shoulder and 5/5 strength in the left shoulder. *See id.*

Assuming *arguendo* that one could label the ALJ's statement a "mischaracterization," the Court cannot conclude that it had any substantive effect on the outcome. Nothing in the decision suggests that the ALJ viewed Claimant's right arm as a completely unrestricted; to the contrary, the ALJ agreed that Claimant's right-shoulder issues caused significant exertional limitations. *See* Tr. 528. Because the Court cannot conclude that this minor transcription error affected the ALJ's substantive analysis, remand is not warranted. *See, e.g.*, *Luciana A. v. Comm'r of Soc. Sec.*, No. 20-CV-1448, 2022 WL 2988094, at *5 n.5 (W.D.N.Y. July 28, 2022).

In short, none of Plaintiff's arguments is a basis for remand.[3]

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 12) is GRANTED, and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 8)

---

[3] Plaintiff also challenges another of the ALJ's reasons for discounting Dr. Benchoam-Ravid's opinions—that she used "vague terms like 'marked' and 'moderate.'" Tr. 531-32; ECF No. 8 at 12. The Court need not address that issue because it constitutes, at most, harmless error. *See Paul G. v. Comm'r of Soc. Sec.*, No. 21-CV-9, 2023 WL 2634122, at *6 n.6 (W.D.N.Y. Mar. 24, 2023).

is DENIED. The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

    IT IS SO ORDERED.

Dated: March 26, 2025
       Rochester, New York

                                              _____
                                              HON. FRANK P. GERACI, JR.
                                              United States District Judge
                                              Western District of New York